Boynton, J.
The order of the court sustaining the demurrer to the petition, and its judgment dismissing the action, were erroneous. It is very obvious that the plaintiff, among other things, sought to set out such facts as would lead a court of equity to take jurisdiction and adjust a disputed boundary line between the two farms. But assuming the facts stated to be insufficient to warrant the court in giving such relief, it still appears, we think, from a fair construction of the language of the petition, that the plaintiff is in possession of the parcel of land in dispute, alleging title thereto in himself, and that the defendant sets up and claims an adverse estate or interest therein.
The petition states, that ever since the plaintiff -became the owner of said Harness tract, he has continued to hold and cultivate up to the agreed new line, and that the new line commenced at a point on the Scioto river, between two and three rods below or south of where the old fence stood —the old fence, before its removal or destruction, standing on the old line — and ran from there across the bottom lauds, approaching the old line gradually, until it struck, and finally crossed, the line where tbe old fence stood. Taking the allegations as a whole, it sufficiently appears, that the plaintiff alleged title and possession in himself up *601 ■to the point where he claimed the new line to be, and that the defendant asserted a claim to land south of that line, so in the plaintiff’s possession.
This, under section 557 of the civil code (67 Ohio L. 116), was sufficient to entitle the plaintiff to an inquiry into the facts alleged, if they were controverted, and if not, to a judgment quieting his title against the adverse claim of the defendant. It is not, however, surprising that the court below fell into an error in endeavoring to ascertain the ground upon which the plaintiff sought to recover. The petition is very inartificially drawn, undertaking, as it does, to state several grounds of recovery as one cause of action, and not only stating them confusedly, but intermingling matters of evidence with matters of fact. Such pleading is calculated to embarrass the court in determining the issue, and often leads to prolonged litigation, and unnecessary expense. Had the court, of its own motion, required the plaintiff to state separately his several causes of action, its order would have been perfectly proper, and the delay already undergone would probably have been avoided.

Judgment reversed and cause remanded.